UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FRANK LEMPERA,              ) | |
|                             ) | |
|    Petitioner,  ) | |
|                             ) | |
|    v.           ) | No. 1:22-cv-00706-SEB-TAB |
|                             ) | |
| WENDY KNIGHT,               ) | |
|                             ) | |
|    Respondent.  ) | |

**Order Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Frank Lempera for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. CIC 21-04-0199. For the reasons explained in this Order, Mr. Lempera's habeas petition must be **denied.**

### I.     Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II. The Disciplinary Proceeding

On April 23, 2021, Officer D. Williams wrote a Report of Conduct ("Conduct Report") charging Mr. Lempera with Possession of Intoxicants under Code Number 231. The Conduct Report states:

> On 4/18/2021 at 1:20am, I, Ofc. D. Williams b/m conducted a routine shakedown in cell 19AB-1B. At this time, I found a bottle that appeared to have liquid intoxicants. Due to my training and experience as a correctional officer I know this to be liquid intoxicants. I asked Offender Lempera, Frank #230526 19B-1B w/m if the bottle was his and he stated, "No."

Dkt. 7-1 at p. 1.

Mr. Lempera was notified of the charge on April 23, 2021, when he received the Conduct Report and Notice of Disciplinary Hearing ("Screening Report"). *Id.*, dkt. 7-3. He pled not guilty to the charge. *Id.* On his Screening Report, Mr. Lempera specified that he wished to have a lay advocate appointed and that he would send a witness request within twenty-four hours. Dkt. 7-3. The next day, Mr. Lempera requested live testimony from Richard Smith and specified what he expected Mr. Smith to say. Dkt. 7-4. Specifically, he indicated that Mr. Smith would state that while intoxicated on April 18, 2021, he mistakenly left a bottle of "homemade hooch" in Mr. Lempera's cell on the desk and that he would accept responsibility for the incident. *Id.* Mr. Lempera also requested a video camera review to demonstrate he was not provided the Confiscation Form. *Id.* Mr. Lempera's request for a lay advocate was subsequently granted. Dkt. 7-5.

A hearing was held on April 27, 2021.  Mr. Lempera again pled not guilty. Dkt. 7-6. At the time of the hearing, the hearing officer recorded Mr. Lempera's statement as: "It's not mine. Someone left it in my cell." Dkt. 7-5. At the time of the hearing, the hearing officer denied Mr. Lempera's evidence and witness request because the testimony and evidence were not relevant and the request was untimely. Dkt. 7-6. Based on Mr. Lempera's statement, the Conduct Report, and the picture of the bottle of intoxicants. dkts. 7-1 at pp. 1, 3 and 7-6, the hearing officer found Mr.

Lempera guilty. Dkt. 7-6 (stating that the Mr. Lempera possessed the intoxicants because it was found in Mr. Lempera's cell). The sanctions imposed included the deprivation of sixty days of credit time and a credit class demotion. *Id.* Mr. Lempera appealed to the Facility Head, arguing that he was "[d]enied [his] constitutional right to call live witnesses at the disciplinary hearing without justification," that his witness request was timely, and that he was "[d]enied [his] constitutional right to a guilty finding based on sufficient evidence in the record." Dkt. 7-8 at pp. 1, 5-6. 8.

His appeal was denied. *Id.* at p. 1. The Faculty Head explained:

> You were charged with a code 231 "Making or Possession Intoxicants. . ." and you were found guilty. You present no new evidence or information that was not available at your hearing; I find no due process errors, and no reason to reverse the findings of the DHB. The sanctions imposed are well within the ADP handbook.

Dkt. 7-9.

Mr. Lempera then appealed to the Final Reviewing Authority. He raised three grounds for relief, which can be summarized as follows: 1) that the prison violated his due process rights by denying his right to call a witness; 2) that the hearing officer incorrectly found that Mr. Smith's testimony was not relevant; and 3) that prison officials violated his Equal Protection rights by finding him guilty because another hearing officer declined to convict a prisoner in a similar situation. Dkt. 7-10 at pp. 1-2. In denying his final appeal, the Appeal Review Officer stated that "[t]he procedure and due process of this case appear to be true and accurate," and explained:

> The charge is clear; the evidence sufficient. The sanctions are within the guidelines of the Disciplinary Code for Adult Offenders. There is no present information indicating modification or dismissal is necessary. You were in possession because the intoxicant was found in your cell, not because it was alleged to be on your person. How it got there is not relevant to the fact that it was in your possession when it was found.

Dkt. 7-11. Mr. Lempera then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### III.  Analysis

Mr. Lempera's habeas petition asserts that he is entitled to relief because his due process rights were violated when he was denied exculpatory witness testimony. Dkt. 1 at p. 4. In his Reply he further asserts that there was insufficient evidence of his guilt. Dkt. 10 at pp. 1-2. For the reasons explained below, Mr. Lempera is not entitled to relief.

#### A.  *Denial of Witnesses*

Mr. Lempera argues that the hearing officer violated his due process rights by improperly denying his request for Mr. Smith's testimony. Dkt. 1 at p. 3-4. Specifically, he argues that Mr. Smith's testimony was relevant because he would state that he owned the bottle of intoxicants and that he left it in Mr. Lempera's cell. *Id.* In response, Respondent asserts that Mr. Smith's testimony is not relevant because his ownership does not relate to Mr. Lempera's possession, and the facts support that the intoxicants were found on Mr. Lempera's desk in his cell.  Dkt. 7 at pp. 7-9.

The right to call witnesses extends only to "material exculpatory evidence." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011). Evidence is exculpatory if it undermines or contradicts the finding of guilt, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780–81 (7th Cir. 2008). The right is further limited in that "prisoners do not have the right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary." *Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002). "Inmates have a due process right to call witnesses at their disciplinary hearings when doing so would be consistent with institutional safety and correctional goals." *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003) (citing *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974)).

Here, Mr. Smith's testimony was not relevant because his testimony did not relate to Mr. Lempera's possession of the bottle of intoxicants. Dkt. 7-4. Instead, Mr. Lempera's witness request indicated that Mr. Smith would testify that he owned the intoxicants and that he left it in Mr. Lempera's cell on a desk. *Id.* This testimony does not dispute the evidence that Mr. Lempera possessed the intoxicants. As Respondent correctly stated, the Indiana Department of Correction's ("IDOC") definition of possession, specifies that a prisoner is presumed to possess any "prohibited property" if it is found in "within their cell." Dkt. 7-12 at p. 6. Possession is defined as:

> [o]n one's person, *in one's quarters*, in one's locker or under one's physical control. For the purposes of these procedures, an offender is presumed to be responsible *for any property*, *prohibited property* or contraband that is located on their person, *within their cell* or within areas of their housing, work, educational or vocational assignment that are under their control. Areas under an offender's control include, but are not limited to: the door track, window ledge, ventilation unit, plumbing and the offender's desk, cabinet/locker, shelving, storage area, bed and bedding materials in his/her housing assignment and the desk, cubicle, work station and locker in his/her work, educational or vocational assignment.

Dkt. 7-12 at p. 6 (emphasis added).

There is no dispute that prison officials found the bottle of intoxicants in Mr. Lempera's cell. Mr. Lempera had the opportunity to tell the hearing officer at the hearing that the intoxicant was not his and that someone left it in his cell. Dkt. 7-6. The witness would have presumably said the same. Dkt. 10 at p. 3 (citing *Panel v. McBride*, 306 F.3d 499, 503-04 (7th Cir. 2022)) (noting that two witnesses' testimony was relevant because their testimony corroborates the prisoner's testimony about the underlying dispositive facts of the charge). But again, Mr. Lempera was not found guilty because he owned the bottle, he was found guilty because the bottle was in his cell in violation of IDOC's policy. Dkt. 7-6 ("Item was found in offender's cell giving him possession."). Thus, under IDOC's definition of possession, a prisoner is in possession of prohibited property

5

regardless of whether another prisoner from a different cell owned the prohibited property or left it in the charged prisoner's cell. *Id.*, *see also* dkt. 7-12 at p. 6.

Mr. Lempera further specifies that Mr. Smith's testimony was relevant because Mr. Lempera, his cellmate, and Mr. Smith received a Conduct Report charging them with an A-231 violation. Dkt. 10 at p. 3. But the IDOC's definition of possession does not limit possession to a single person. Dkt. 7-12 at p. 6. For these reasons, Mr. Lempera is not entitled to relief based on the denial of a witness at his disciplinary hearing.

### B.  *Sufficiency of Evidence*

In his Reply, Mr. Lempera argues that there is insufficient evidence that he possessed the bottle of intoxicants. Dkt. 10 at pp. 1-2.[1] In a prison disciplinary proceeding, the "hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). Further, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56; *see also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

---

[1] While Mr. Lempera did not raise a sufficiency of evidence argument in his Petition, the Court is construing his argument as a rebuttal of Respondent's claim Mr. Lempera was guilty of possession because the bottle of intoxicant was found in Mr. Lempera's cell on his desk. Dkt. 1, dkt. 7 at p. 7. To the extent, that Mr. Lempera argues that the Conduct Report violates IDOC's policies, this issue is not properly before the Court. Dkt. 10 at p. 1 (citing dkt. 10-1); *see also Sandin v. Conner*, 515 U.S. 472, 481-82 (1995) (noting that prison policies are "primarily designed to guide correctional officials in the administration of a prison" and not "to confer rights on inmates.") and *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (holding that claims based on prison policy are not cognizable and do not form a basis for habeas relief).

The "'some evidence' standard" is "a 'meager threshold.'" *Jones v. Cross*, 637 F.3d 841, 849 (7th Cir. 2011) (quoting *Scruggs*, 485 F.3d at 939). Once the Court finds "some evidence" supporting the disciplinary conviction, the inquiry ends. *Id.* This Court may not "reweigh the evidence underlying the hearing officer's decision" or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348 (citing *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)). A Conduct Report "alone" may establish the "some evidence" requirement. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

### 1. Conduct Report

Mr. Lempera argues that the Conduct Report does not contain sufficient evidence that he knew the bottle of intoxicants was in his cell. Dkt. 10 at p. 2. Mr. Lempera also suggests that *Gee v. Brown's* holding should apply to him because the prisoner in *Gee* also did not know the intoxicants were in his cell. *Id.* at p. 3 (citing *Gee v. Brown*, No. 2:17-cv-00238-WTL-MJD, 2017 U.S. Dist. Lexis 146355, at *7 (S.D. Ind. Sept. 11, 2017)). In *Gee*, the Court held that petitioner could not have intended to aid or abet his cellmate's possession because there was no evidence that he knew the intoxicants were in the cell due to the fact that he was asleep when the intoxicant was placed in his cellmate's locked property box and there was no obvious smell. *Id.*

These arguments are unpersuasive, however, because in this case, the bottle was found on a desk in his cell. Dkt. 10 at p. 4, dkt. 7-4, dkt. 7-8, and dkt. 7-10. A hearing officer may find that a prisoner had possession of contraband when there is an inference that a cellmate should be aware that contraband is in their cell. *See Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992) (holding that all four cellmates constructively possessed contraband when the contraband was found in the cell's vent because the hearing officer could infer that it was impossible for the cellmates to not know that the contraband was in their cell). Unlike *Gee*, the bottle of intoxicants was not hidden

7

or locked in a cellmate's property, Mr. Lempera was alert during Mr. Smith's visit because he discussed Nascar with Mr. Smith and noticed that Mr. Smith was intoxicated, and the liquid intoxicants in the bottle, "homemade hooch", were readily identifiable by Mr. Lempera and Officer Williams. *See also* Dkt. 7-8 at p. 1, 3-5 (stating that on the night Mr. Smith left "*homemade hooch*" on a desk in Mr. Lempera's cell, Mr. Smith was "*intoxicated*," and he "*discussed the Nascar race with* [*Mr.*] *Lempera*") (emphasis added); Dkt. 7-4 (indicating that Mr. Smith would provide similar testimony); Dkt. 7-1 (noting that the Officer Williams was able to readily identify the contents of the bottle as a liquid intoxicants). Thus, there is sufficient evidence to support the hearing officer's conclusion that Mr. Lempera possessed the bottle of intoxicants. Accordingly, Mr. Lempera's argument fails.

### 2. Identified Owner

Finally, Mr. Lempera states for the first time in his Reply under penalty of perjury that the desk was his cellmate's desk. Dkt. 10 at p. 4.[2] This does not create a reasonable probability of a different outcome for three reasons. First, even if the Court accepts Mr. Lempera's claim that the desk was his cellmate's, there is no dispute that the bottle of intoxicants was sitting on top of a desk in Mr. Lempera's cell. Thus, Mr. Lempera had access to the bottle. Second, the record is unclear as to who owned the desk because Respondent states that the desk belonged to Mr. Lempera and Mr. Lempera did not argue that the desk belonged to his cellmate before the hearing officer or in his administrative appeals. Dkt. 7 at p. 7 (asserting that the bottle of intoxicants "was found in [Mr. Lempera's] cell, on his desk"); *see also* dkt. 7-6, dkt. 7-8, dkt. 7-10. Third, there is

---

[2] Neither Mr. Lempera's Petition or his administrative appeals specified that the desk was his cellmates. Dkt. 1, dkt. 7-8, 7-10. Additionally, the Conduct Report and the Administrative Appeal Responses do not reference a desk, dkts. 7-1, 7-9, and 7-11, but both Mr. Lempera's and Respondent's filings indicate that the bottle was on a desk. Dkt. 7 at p. 7, dkt., 7-8, 7-10, and dkt. 10. Thus, the Court will accept the parties' assertion that the bottle was found on a desk in Mr. Lempera's cell.

some evidence that Mr. Lempera possessed the bottle of intoxicants because the record is unclear whether the desk belonged to Mr. Lempera or his cellmate. *Bey v. Zatecky*, No. 1:14-cv-0277-JMS-TAB, 2015 U.S. Dist. Lexis 1180, at *7 (S.D. Ind. Jan. 6, 2015) (noting that "[i]f there were no direct evidence as to which cellmate possessed the property box and the contraband inside, then the 'some evidence' standard would have been satisfied").

Mr. Lempera incorrectly argues that the ownership analysis in *Bey* supports that he did not possess the intoxicants. Dkt. 10 at p. 3 (citing *Bey*, No. 1:14-cv-0277-JMS-TAB, 2015 U.S. Dist. Lexis 1180, at *7). *Bey* held that a single cellmate's possession of an intoxicant absolved the other cellmates' possession convictions because one cellmate admitted that he owned the intoxicant and the locked property box where the intoxicant was found and only that cellmate could access the intoxicant. *Id.* Here, a non-cellmate, Mr. Smith, claimed ownership of the bottle of intoxicants. Unlike *Bey* where no other cellmates could access the intoxicant because it was located in one cellmate's locked property box, Mr. Lempera possessed the bottle of intoxicants because the bottle was sitting on a desk in his cell, openly accessible. *Id. see also Pigg v. Finnan*, 289 F. App'x 945, 947 (7th Cir. 2008) (noting that constructive possession is sufficient evidence when only a few inmates, cellmates, have access to contraband). Thus, Mr. Lempera's argument fails, and he is not entitled relief on this claim.

### IV. Conclusion

For the reasons stated above, Mr. Lempera is not entitled to habeas corpus relief under 28 U.S.C. § 2254. Accordingly, Mr. Lempera's petition for a writ of habeas corpus is **denied** and the action dismissed.

**IT IS SO ORDERED.**

Date:  1/4/2023

*[Signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

FRANK LEMPERA
246218
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

David A. Arthur
INDIANA ATTORNEY GENERAL
David.Arthur@atg.in.gov